IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BEVERLY HITCHCOCK, | ) |
| | ) |
| Plaintiff, | )   1:11-cv-1348 |
| | ) |
| v. | ) |
| | ) |
| FINANCIAL RECOVERY | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, BEVERLY HITCHCOCK, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, FINANCIAL RECOVERY SERVICES, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. BEVERLY HITCHCOCK, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Allegan, County of Allegan, State of Michigan.

5. The debt that Plaintiff allegedly owed was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

1

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. FINANCIAL RECOVERY SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is incorporated in the State of Minnesota.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

13. In or around October 2011, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff in an attempt to collect a debt she allegedly owed.

14. During the course of the aforesaid time period, Plaintiff engaged in multiple telephone conversations with Defendant.

15. At no time during the course of the aforementioned telephone conversations did Defendant's duly authorized representative provide Plaintiff with information relative to Defendant's identity.

16. During the course of the aforesaid telephone conversations, Defendant's duly authorized representative only provided Plaintiff with information relative to his individual identity.

17. Plaintiff became aware the aforesaid telephone calls were initiated on behalf of Defendant by viewing the telephone number that appeared on her caller identification at the time Defendant made the aforesaid telephone calls.

18. The telephone number that appeared on Plaintiff's caller identification at the time Defendant made the aforesaid telephone calls was Defendant's telephone number.

19. During the aforesaid time period and on multiple occasions therein, during the course of Plaintiff's telephone conversations with Defendant, Defendant informed Plaintiff that she owed a debt relative to charges Plaintiff had incurred on a credit card.

20. Plaintiff informed Defendant, on multiple occasions, during the aforesaid telephone conversations, that she wanted Defendant to send her documentation relative to the debt she allegedly owed.

21. On multiple occasions during the aforesaid telephone conversations, Defendant advised Plaintiff that it had sent her correspondence relative to the debt on which it was attempting to collect.

22. On multiple occasions, Plaintiff informed Defendant that she had never received a correspondence relative to the debt on which it was attempting to collect.

23. On multiple occasions, Plaintiff asked Defendant to send her another correspondence as she had not received the correspondence that Defendant had previously allegedly sent to her.

24. In or around October 2011, subsequent to Defendant's multiple telephone conversations with Plaintiff, Defendant had information in its possession indicating that Plaintiff had never received a correspondence from Defendant relative to the debt on which it was attempting to collect.

25. In or around October 2011, subsequent to Defendant's multiple telephone conversations with Plaintiff, Defendant was cognizant that Plaintiff had never received a correspondence from Defendant relative to the debt on which it was attempting to collect.

26. Subsequent to Defendant having information in its possession indicating that Plaintiff had never received a correspondence from Defendant, Defendant did not send Plaintiff correspondence relative to the debt on which it was attempting to collect.

27. Upon information and belief, Defendant never sent Plaintiff a correspondence relative to the debt on which it was attempting to collect.

28. Upon information and belief, subsequent to Plaintiff having apprised Defendant that she had never received a correspondence from Defendant, Defendant never sent Plaintiff a correspondence relative to the debt on which it was attempting to collect.

29. To date, Plaintiff has never received a correspondence from Defendant.

30. In or around October 2011, during a telephone conversation between Plaintiff and Defendant, Defendant and Plaintiff discussed entering into a payment plan relative to the debt on which Defendant was attempting to collect.

31. During the course of the aforesaid telephone conversation, Defendant informed Plaintiff that in order to enter into a payment plan, Plaintiff had to provide Defendant with her credit card information.

32. Plaintiff informed Defendant that she did not feel comfortable providing Defendant with her credit card information.

33. Plaintiff then asked if she could pay Defendant by an alternate method.

34. Defendant responded by informing Plaintiff "[n]o. This is how we do it."

35. Defendant further stated to Plaintiff "I will call my client and tell them you are not willing to pay."

36. At no time during the course of the aforesaid telephone conversation did Plaintiff advise Defendant that she refused to pay the debt on which it was attempting to collect.

37. Defendant's representation to Plaintiff that it would inform its client that Plaintiff was not willing to pay the debt had the effect of conveying to an unsophisticated consumer that Defendant would refer the debt on which it was attempting to collect to Defendant's client and Defendant's client would take additional collection actions against Plaintiff, such as filing a lawsuit against Plaintiff.

38. Defendant's representation to Plaintiff that it would refer the debt on which it was attempting to collect to Defendant's client had the effect of conveying to an unsophisticated consumer that Defendant's client would proceed with initiating a lawsuit against Plaintiff relative to the debt she allegedly owed.

39. To date, Defendant's client has not filed a lawsuit against Plaintiff for the debt she allegedly owed.

40. Defendant's statement that it would inform its client that Plaintiff was unwilling to pay the debt was neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

41. The natural consequence of Defendant's statement to Plaintiff, as delineated above, was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

42. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

43. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

44. On or about October 21, 2011, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt she allegedly owed.

45. Again, during the course of the aforesaid telephone conversation, Plaintiff asked Defendant to send her with documentation relative to the debt on which Defendant was attempting to collect.

46. Defendant informed Plaintiff that it had already sent her documentation.

47. Plaintiff, again, apprised Defendant that she did not receive any documentation from Defendant.

48. Defendant responded by accusing Plaintiff of throwing out the documentation Defendant had sent to Plaintiff.

49. Defendant then informed Plaintiff that she had to make a payment towards the debt she allegedly owed.

50. During the course of the aforesaid telephone conversation, Plaintiff informed Defendant that she could make payments to Defendant in the amount of $25.00 a month relative to the debt on which Defendant was attempting to collect.

51. Defendant then requested that Plaintiff provide it with her credit card information so that she could make the aforesaid payments to Defendant.

52. Plaintiff informed Defendant that she would not provide Defendant with her credit card information to make the aforesaid payments until she had an opportunity to speak to an attorney.

53. During the course of the aforesaid telephone call between Plaintiff and Defendant, immediately after Plaintiff made the aforesaid statement, Defendant's duly authorized representative intentionally disconnected the telephone call with Plaintiff.

54. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

55. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    g. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

56. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

57. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BEVERLY HITCHCOCK, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **BEVERLY HITCHCOCK**

    By:   s/ David M. Marco
        Attorney for Plaintiff

Dated: December 21, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:         dmarco@smithlaw.us